Dissenting Opinion On Denial of Motion for En Banc Rehearing filed
September 25, 2008








 

Dissenting
Opinion On Denial of Motion for En Banc Rehearing filed September 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00590-CV

____________

 

IN RE MICHAEL HICKS AND JERRY FAZIO, Relators

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

D I S S E N T I N G   O P I N I O N   ON   D E N I A
L   O F  

M O T I O N   F O R   E N  B A N C   R E H E A R I N G

 

En banc review is warranted to secure
and maintain uniformity in this court=s decisions in an important and
oft-visited area of the lawCthe rule governing waiver of privileges covering documents.[1] 









Whether documents are privileged is a
significant issue to litigants and one that arises frequently in both trial and
appellate courts, often in the context of discovery disputes.  Trial judges as
well as litigators are required to make waiver-of-privilege determinations in
many cases and in many contexts.  Litigants engaging in discovery must decide
whether to claim privilege and whether to assert that another party has waived
privilege. These decisions all turn on the rules governing how and under what
circumstances a privilege might be waived.     Under the Texas Rules of
Evidence, parties waive the privilege as to documents if the parties Avoluntarily disclose[] or consent[]
to disclosure of any significant part of the [documents] unless such disclosure
itself is privileged.@[2]  In its opinion, the panel majority imposes a waiver
requirement not heretofore recognized, holding, for the first time, that to
effectively waive privilege, parties must expressly and specifically state that
they are doing so.[3]  Texas law
does not require express consent to waive a privilege.  Prior to the majority
panel opinion in this case, this court found a waiver of privilege even in the
absence of a specific expression of an intent to waive privilege.[4] 
The majority panel opinion is inconsistent with In re General Agents
Insurance Company of America, Inc., a case in which this court recently
held that a party waived the attorney-client and work-product privileges by
executing an assignment of its claims to another party, even though this
assignment did not specifically state that any party was waiving a privilege.[5] 
As a result of these inconsistent holdings, there is now a conflict in this
court=s jurisprudence. 








When an appellate court sends mixed
signals, uncertainty, confusion, and other unintended and unwelcome
consequences often follow.  Litigants and their lawyers are likely to have
difficulty resolving this issue and invariably will seek court intervention to
settle the matter. Trial courts called upon to decide the issue will look to
our jurisprudence for answers and likely will experience the same uncertainty. 
These consequences and the time and expense that go with them can be avoided by
prompt en banc review.  Because the issue at the center of the conflict is an
important and frequently recurring one, en banc consideration is both
appropriate and necessary.  For these reasons, I respectfully dissent from the
court=s denial of the real parties= motion for en banc rehearing.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

Dissenting
Opinion on Denial of Motion for En Banc Rehearing filed September 25, 2008. 

 

(Justice
Yates joins this dissenting opinion; Chief Justice Hedges and Justices
Anderson, Guzman, Brown, and Boyce vote to deny the Motion for En Banc
Rehearing) (Seymore, J., recused).

 

 

 

 

 









[1] See Tex.
R. App. P. 41.2(c). 





[2]  Tex. R. Evid. 511. 





[3]  See maj. op. at pp. 6B8. 





[4] In re Gen. Agents Ins. Co. of Am., 224 S.W.3d
806, 813B14 (Tex. App.CHouston
[14th Dist.] 2007, orig. proceeding).





[5]   224 S.W.3d at 813B14.